**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CASE NO. 4:13-CV-108 Judge Clark/Judge Mazzant |
| VIRGINIA A. GOZA, | § § | |
| Defendant. | § § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On April 24, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that plaintiff's Motion to Remand [Doc. #7] be granted [Doc. #9]. On May 8, 2013, f ghgpf cpvfiled objections to the report [Doc. #10].

The Magistrate Judge found that defendant's removal of this case was improper under the forum defendant rule. Defendant's objections do not address this issue. Instead, defendant merely asserts that the parties are diverse and the amount in controversy has been met. Even if this is true, removal was not proper by a Texas defendant, and because a timely motion to remand was filed, the court must remand the case.

Defendant also raises, for the first time, that removal was proper under federal question jurisdiction because plaintiff's petition alleges a claim under the laws of the United States, 15 U.S.C.


**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CASE NO. 4:13-CV-108 Judge Clark/Judge Mazzant |
| VIRGINIA A. GOZA, | § § | |
| Defendant. | § § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On April 24, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that plaintiff's Motion to Remand [Doc. #7] be granted [Doc. #9]. On May 8, 2013, f ghgpf cpvfiled objections to the report [Doc. #10].

The Magistrate Judge found that defendant's removal of this case was improper under the forum defendant rule. Defendant's objections do not address this issue. Instead, defendant merely asserts that the parties are diverse and the amount in controversy has been met. Even if this is true, removal was not proper by a Texas defendant, and because a timely motion to remand was filed, the court must remand the case.

Defendant also raises, for the first time, that removal was proper under federal question jurisdiction because plaintiff's petition alleges a claim under the laws of the United States, 15 U.S.C.

§ 1681. Although this argument is not properly before the court, even if considered by the court, the argument has no merit. There is no federal claim asserted by plaintiff. Plaintiff filed a post-foreclosure eviction proceeding and asserts no federal claims. Defendant also asserts, for the first time, that the court should exercise supplemental jurisdiction over this case. The question was whether this case was properly removed, and there was no basis for removal. Thus, the court cannot exercise supplemental jurisdiction over the plaintiff's case because the case was not properly removed.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by f ghgpf cpv, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. Plaintiff did not support its claim for attorney's fees. They are denied.

It is, therefore, **ORDERED** that plaintiff's Motion to Remand [Doc. #7] is GRANTED and the case is remanded to County Court at Law No. 3 in Collin County, Texas, immediately.

All motions by either party not previously ruled on are **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** this **24** day of **June, 2013.**

_____
Ron Clark, United States District Judge